IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBIN A. WETHERELL DMD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-1884-NJR-RJD |
| | ) | |
| RENEW DIGITAL, LLC and | ) | |
| MARK DIFFENDERFER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

A discovery dispute conference in this matter was held on June 10, 2019. During the conference, the Court addressed various disputes brought by Defendants Renew Digital, LLC and Mark Diffenderfer. The parties submitted materials to the Court ahead of the conference that were reviewed and considered. The Court's rulings are set forth below.

1. **Text Messages among Plaintiff, the Office Manager, and the IT Manager**

Defendants seek text messages sent among Plaintiff, his office manager, and the IT manager relating to this lawsuit. Plaintiff indicated in his responses to a number of discovery requests that Donna and Robin Wetherell do not send or receive text messages. These statements have been contradicted by the telephone records of Brooke Alexandra Fitts. Based on these records, it appears numerous text messages were sent to and received from Donna Wetherell's telephone number. Insofar as there appear to be text messages that were requested by Defendants throughout the course of discovery, Plaintiff is **ORDERED** to provide any relevant messages by **June 26, 2019**. If Plaintiff is unable to produce these messages, he is **ORDERED** to provide an explanation as to the efforts made to retrieve the messages and why the messages were not able to

be produced.

The Court was also advised at the discovery dispute conference that Donna and Robin Wetherell communicate via "Signal", an internet-based, private messenger application that allows them to send messages that are not reported to their phone carrier or stored by the application. These messages may be set to "disappear." It is not clear whether relevant messages were sent or received on this application and, if so, whether the messages were set to "disappear." Counsel for Plaintiff shall conduct an appropriate investigation to determine whether there are relevant messages that are able to be produced and, if not, explain what efforts were made to retrieve relevant messages and why these efforts were unsuccessful. Any messages from the Signal application or explanation as to why the messages cannot be retrieved must be produced by **June 26, 2019**.

**2. Electronic X-Ray Images**

Defendants seek electronic delivery of Plaintiff's 3D and 2D Panorex x-rays from April 1, 2018 to June 30, 2018. Plaintiff does not object to Defendants conducting an inspection of the records at his offices, but contends that it would be an unnecessary and undue burden on Plaintiff to convert the records to another medium for delivery. Defendants assert that the records could easily be copied to a disk, flash drive, or online cloud service. First, it is not clear in what format Plaintiff maintains the x-rays Defendants seek. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(ii), a party is required to produce documents in a form or forms in which they are ordinarily maintained or in a reasonably usable form or forms. Here, there is no indication that delivery in an electronic form as requested by Defendants is unreasonable and Defendants are entitled to production of documents in a usable form. Accordingly, Plaintiff is **ORDERED** to provide the 3D and 2D Panorex x-ray image files from April 1, 2018 to June 30, 2018 in electronic

form by **June 26, 2019**.

3. **"Power Events" Log**

Defendants contend that Plaintiff's IT provider testified at deposition that Plaintiff's office suffered over 64 power issues in the last two and a half years. The IT provider testified there was a log of these "power events." Defendants seek production of the "power events" log. It is not apparent whether Plaintiff has this log. The "power events" log is relevant under Federal Rule of Civil Procedure 26 and, therefore, must produced by **June 26, 2019**.

4. **Documents and Responses to Defendants' Second Set of RPDs and Interrogatories**

The parties are directed to meet and confer regarding this issue. If the parties are unable to resolve their disputes, they should contact the chambers of the undersigned.

5. **Electronic Calibration Reports**

The parties are directed to meet and confer regarding this issue. If the parties are unable to resolve their disputes, they should contact the chambers of the undersigned.

**IT IS SO ORDERED.**

**DATED: June 12, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**